1  STANLEY L. GIBSON (047882)
   GIBSON ROBB & LINDH  LLP
2  100 First Street, 27th Floor
   San Francisco, California  94105
3  Telephone: (415) 348-6000
   Facsimile: (415) 348-6001
4

5  Attorneys for Plaintiff
   NATCO FOODS LTD
6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11  NATCO FOODS LTD, a foreign          )    Case No. 2:05-CV-01901-LKK-GGH
    corporation;                         )
12                                       )        **ORDER TO ENFORCE**
            Plaintiff,                    )    **ARBITRAL AWARD**
13                                        )
            v.                            )    Date:  February 21, 2008
14                                        )    Time:  10:00 a.m.
    CALIFORNIA COMMODITIES                )    Place: 501 "I" Street, 14th Floor
15  INTERNATIONAL, INC., a California     )           Sacramento, CA
    corporation;                          )           Courtroom # 24
16                                        )
            Defendant.                    )
17  _____ )

18         Plaintiff NATCO FOODS LTD. ("Natco") has moved to enforce an arbitration award

19  entered against Defendant CALIFORNIA COMMODITIES INTERNATIONAL, INC.  For the

20  reasons articulated below, the Court hereby grants Natco's motion to enforce the arbitral award.

21      **Background**

22         On or about September 23, 2004 Plaintiff Natco ("Buyer") entered into a series of

23  "Sales Orders" with Defendant CCI ("Seller").  The sales orders' "Terms/Conditions" section

24  states that the Waren-Verein Der Hamburger Borse E.V. arbitration system will apply to disputes

25  under the contract.  Plaintiff Natco's broker, R.S. Tinsley (Liverpool) Ltd. issued a confirmation

26  of the aforementioned sales orders on or about September 23, 2004.  Under the "Remarks" section

27  of this confirmation, the Waren-Verein de Hamburger Borse E.V. arbitration system was again

28  referenced.  CCI's Anthony Freeman, who identifies himself as an "officer and director" of

1  Defendant CCI made a Declaration to this Court urging this Court to recognize the existence of

2  the Waren-Verein arbitration selection. ("DECLARATION OF ANTHONY FREEMAN IN

3  SUPPORT OF: 1. PETITION FOR ORDER COMPELLING ARBITRATION AND 2. MOTION

4  TO STAY ACTION PENDING ARBITRATION").

5        Defendant CCI relied on the provisions and declarations discussed in paragraph 4

6  above and the legitimacy of the Waren-Verein arbitral system itself in moving this Court to

7  compel arbitration and stay proceedings in this matter in it's Petition to compel arbitration and its

8  motion to stay the action pending arbitration, which was submitted to this Court on December 12,

9  2005.

10       Plaintiff Natco and Defendant CCI, through their respective counsel, entered into a

11  stipulation to arbitrate the above captioned matter in the tribunals of the Waren-Verein der

12  Hamburger and this court stay this matter pending completion of arbitration. U.S. Magistrate

13  Judge Hollows entered the Order on January 31, 2006. ( "STIPULATION AND ORDER

14  STAYING ACTION").   The parties' request that this court retain jurisdiction over this matter

15  was granted under the January 31, 2006 Order. There would be no reasonable basis at this stage in

16  the proceedings for Defendant to challenge this matter being arbitrated pursuant to the parties'

17  contract.

18       The arbitrated dispute concerns failure to perform contract for delivery of six full

19  containers of Californian Almond Kernels.

20       The arbitration proceedings were conducted in the Arbitral Tribunal of the Waren-

21  Verein Der Hamburger Borse E.V. in Hamburg Germany.  On or about December 11, 2006 a 3-

22  person tribunal issued its decision.

23       The German panel ruled in favor of Plaintiff Natco. Defendant CCI  was ordered

24  to pay Plaintiffs USD $310,772.73 plus interest.  Interest was ordered due as follows:

25            ". . . at the rate of 2 per cent above the discount rate of the Federal
              Reserve Bank of San Francisco, not exceeding 9.37 per cent p.a.,
26            from 15 April 2006."

27       Defendant CCI was also ordered to pay Plaintiff Natco fixed amount of 13,539.47

28  Euros for arbitration costs.

1   Time for appeal under the Waren-Verein Der Hamburger Borse E.V. arbitral

2   decision was set at 30 days.  Neither party appealed, rendering the panel's award final.

3   **Conclusion**

4   For the reasons discussed above, the arbitral proceedings conducted in Germany were

5   valid and it is the duty of this Court to enforce the arbitral award.  Natco is hereby entitled to the

6   following elements of relief:

7   1.   Enforcement of the German arbitral award of USD $310,772.73 plus

8        interest at the rate of 7.75% (2% above 5.75% rate as of April 15, 2006;

9        see:  http://www.frbsf.org/banking/data/discount/index.html;) and enter

10       judgment according to it, with interest accruing from April 15, 2006 to date

11       of judgment;

12  2.   Award plaintiffs 13,539.47 Euros for costs relating to arbitration

13       proceedings, pursuant to arbitral panel's final award with interest accruing

14       as of date of arbitration panel judgment (December 11, 2006) at .756258

15       Euros to the dollar (see  http://www.x-rates.com/cgi-bin/hlookup.cgi).

16  3.   Award plaintiff the costs of suit according to proof;

17  4.   Award plaintiff attorneys' fees incurred in this action according to proof;

18       and;

19  5.   Award plaintiff such further and proper relief as the Court deems just and

20       proper.

21

22  IT IS SO ORDERED.

23

24  Dated: _April 4, 2008_

GREGORY G. HOLLOWS

THE HONORABLE GREGORY    HOLLOWS
25  MAGISTRATE JUDGE
    UNITED STATES DISTRICT COURT FOR THE
26  EASTERN DISTRICT OF CALIFORNIA

27

28